UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| WESBANCO BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00184-TWP-DML |
| | ) | |
| JENNY LYNNE, | ) | |
| MARINE BUILDERS, INC., | ) | |
| MARINE INDUSTRIES CORPORATION, | ) | |
| BYRON S. EVANCZYK, | ) | |
| DAVID W. EVANCZYK, | ) | |
| DAVID A. EVANCZYK, | ) | |
| THE NEW WASHINGTON STATE BANK, | ) | |
| UNITED STATES OF AMERICA INTERNAL | ) | |
| REVENUE SERVICE, and | ) | |
| INDIANA DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff WesBanco Bank, Inc.'s ("WesBanco") Motion for Partial Summary Judgment. (Filing No. 73.) WesBanco initiated this admiralty action to foreclose on a preferred ship mortgage, as well as an action for breach of contract and enforcement of guaranties, each of which arise out of Defendants, Marine Builders, Inc. ("Builders") and Marine Industries ("Industries"), default on commercial loans they received from WesBanco. Relevant to this Motion are the owners and operators of the two companies, Defendants David W. Evanczyk ("David W."), Byron S. Evanczyk ("Byron S."), and David A. Evanczyk ("David A.") (collectively, the "guarantor defendants"). These men guaranteed the loan agreements, and the Amended Complaint alleges mortgage indebtedness and breach of the loan agreements against them *in personam*. (Filing No. 74 at 11-15.) In the Motion for Partial Summary Judgment, WesBanco argues there are no disputed facts and the guarantor defendants failed to adhere to the

terms of their guarantees.  Wesbanco seeks judgment as a matter of law on Causes of Action 3, 5, and 7 of the Amended Complaint.  For the following reasons, WesBanco's Motion for Partial Summary Judgment is **granted**.

## I.   BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Plaintiff as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### A.   Marine Builders

#### 1.   Loan Documents

Marine Builders entered into a commercial business loan agreement with WesBanco[1] ("Builders Loan Agreement"), and on January 25, 2012, Builders executed and delivered a promissory note to WesBanco in the original principal amount of $955,000.00 (the "Builders Note"). (Filing No. 48-9; Filing No. 48-10.)  The maturity date of the Builders Note, as allonged, is June 25, 2018. (Filing No. 48-11.) All remaining principal and interest was due and payable upon maturity. *Id.*

In consideration of this term loan, Builders, as sole owner of the *Jenny Lynne*, an aquatic vessel, executed and delivered to WesBanco a First Preferred Ship Mortgage (the "Mortgage") on the *Jenny Lynne*, securing payment of the total amount financed under the Builders Note. (Filing No. 48-12.) Builders also granted WesBanco a security interest in other collateral in a commercial

---

[1] WesBanco is successor-in-interest on these agreements to Your Community Bank (also known as Community Bank of Southern Indiana), with which it merged in September 2016. For the sake of simplicity, the Court will refer to the holder of these debts as WesBanco, although record evidence often refers to WesBanco's predecessor-in-interest.

security agreement (the "Builders Security Agreement"), further securing payment of the total amount financed under the Builders Note. (Filing No. 48-13.)

### 2.   **Guarantee**

The guarantor defendants executed commercial guarantees in which they agreed to guarantee punctual payment and satisfaction of the principal amount owed by Builders to WesBanco, as well as interest thereon and all collection costs, expenses, and attorneys' fee in the following percentages:

David W. Evanczyk – 60% (Filing No. 48-18 at 2.)

David A. Evanczyk – 25% (Filing No. 48-17 at 2.)

Byron S. Evanczyk – 25% (Filing No. 48-16 at 2.)

### 3.   **Default**

Builders failed to pay the Builders Note in full on its date of maturity, June 25, 2018, as required under the terms of the note. (Filing No. 48-10 at 2; Filing No. 48-11 at 2.) This was a default under the express terms of the Builders Note, Mortgage, and Builders Security Agreement, respectively. (Filing No. 48-10 at 2; Filing No. 48-12 at 6; Filing No. 48-13 at 4.) Builders still has not paid the balance due. (Filing No. 74-2 at 5.) It filed for bankruptcy on April 25, 2019.

Builders owes WesBanco $757,644.67 in principal, $61,247.87 in interest, and $42,360.69 in late fees as of June 3, 2019, plus per diem interest of $178.89.  *Id.* at 6-7.  The total collection costs, expenses, and attorneys' fees owed by Builders as of May 13, 2019, was $64,482.08. *Id.* Pursuant to the terms of the guarantee agreements, David W., David A., and Byron S. are responsible for 60%, 25%, and 25%, respectively, of the total amount of the principal. They are each also responsible to WesBanco, as of June 3, 2019, for $61,247.87 in interest, $42,360.69 in

late fees, and per diem interest of $178.89 after June 3, 2019, as well as costs, expenses, and attorneys' fees in an amount equal to $64,482.08 as of May 13, 2019.

## B.     Marine Industries

### 1.     Loan Documents

Marine Industries and WesBanco similarly entered into a business loan agreement in which WesBanco agreed to extend Industries a line of credit ("Industries Loan Agreement"), and on April 7, 2005, Industries executed and delivered a promissory note ("Industries Note") to WesBanco in the original principal amount of $250,000. (Filing No. 48-6; Filing No. 48-1.) In consideration for WesBanco's extension of credit, Industries granted WesBanco a security interest in certain collateral in a commercial security agreement (the "Industries Security Agreement"). (Filing No. 48-2.) The Industries Note was subsequently amended, and the principal amount was ultimately increased to $600,000. (Filing No. 48-4.)

### 2.     Guarantee

Defendant David W. executed a commercial guarantee in which he agreed to guarantee full and punctual payment and satisfaction of 100% of the amount of the indebtedness owed by Industries to WesBanco. (Filing No. 74-11.)

### 3.     Default

Under the terms of the Industries Loan Agreement, WesBanco agreed to make advances to Industries from time to time as long as the amount of such advances did not exceed Industries' borrowing base. (Filing No. 48-6 at 2.) Industries reported to WesBanco that as of June 30, 2018, Industries' outstanding balance of $581,213.00 exceeded its borrowing based of $504,812.00 (Filing No. 48-7 at 4; Filing No. 74-9 at 6.) In accordance with the terms of the Industries Loan Agreement, WesBanco demanded immediate repayment of all sums exceeding the borrowing base.

(Filing No. 48-7 at 2; Filing No. 48-6 at 2.) Industries failed to cure the default, and pursuant to the provisions of the Industries Loan Agreement, WesBanco declared the entire balance due. (Filing No. 74-2 at 6.) Industries failed to pay the balance due and filed for bankruptcy on April 25, 2019. *Id.*

As of June 3, 2019, Industries owes WesBanco $557,589.41 in principal, $28,717.06 in interest, and $1,236.78 in late fees, plus per diem interest of $170.37. *Id.* at 6-7. Industries also owes WesBanco's attorney's fees and legal costs in the amount of $39,367.45 as of May 13, 2019. Pursuant to the terms of David W.'s guarantee, he is responsible for paying these amounts to WesBanco.

## II.   <u>LEGAL STANDARD</u>

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). A disputed fact must be "material," which means that it might affect the outcome of the case under the applicable substantive law. *Liberty Lobby*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts do not preclude summary judgment. *Id.* A genuine dispute of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's

favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cnty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

## III.   DISCUSSION

WesBanco seeks summary judgment on three causes of action in its complaint: (Claim 3) Action *in personam* for Mortgage Indebtedness against the guarantor defendants, (Claim 5) Breach of Builders Loan Agreement Action *in personam* against the guarantor defendants, and (Claim 7) Breach of Industries Loan Agreement Action *in personam* against the David W.  (Filing No. 48 at 11-15.)  The guarantor defendants have requested that the Court deem the filing of the Motion for Partial Summary Judgment untimely and allow them an amount of time to resolve the outstanding debt through the sale of the *Jenny Lynne* in the bankruptcy actions of Builders and Industries.  The Court has already determined that doing so would extend the benefits of the bankruptcy stay to parties who are not entitled to those benefits and would also tend to defeat the purpose of obtaining a personal guarantee. (Filing No. 72.) Thus, the Court declines the guarantor defendants' request and the Court proceeds with ruling on the partial summary judgment motion.

### A.   Mortgage Indebtedness

On default of any term of the preferred mortgage, the mortgagee may … enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in … a civil

action against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness.

46 U.S.C. § 31325(b)(2)(B).  In order to determine whether WesBanco is entitled to judgment as a matter of law, the Court must consider whether a default has occurred and, if so, whether the guarantor defendants are either mortgagors, makers, comakers or guarantors responsible for any remaining deficiency.  *See N. Fork Bank v. M/Y Milwaukee's Best*, 599 F.Supp.2d 1033, 1034 (E.D. Wis. 2008).

The record evidence shows that each of the guarantor defendants guaranteed the debt owed by Builders to WesBanco in the event of default in various percentages. (Filing No. 48-16; Filing No. 48-17; Filing No. 48-18.) WesBanco notified Builders of its default on August 13, 2018. (Filing No. 48-19.) The guarantor defendants' response to the Motion for Partial Summary Judgment does not dispute that Builders defaulted on the mortgage. (Filing No. 76 at 4.) Because the guarantor defendants were guarantors of the Builders Note and Builders defaulted on that Note, WesBanco is entitled to summary judgment on this claim.

The parties dispute the extent of the guarantor defendants' liability on this claim. WesBanco argues Builders owes $757,644.67 in principal, $61,247.87 in interest, and $42,360.69 in late fees as of June 3, 2019, plus per diem interest of $178.89.  Because Byron S. and David A. guaranteed 25% of Builders' debt, WesBanco calculates their liability at $357,501.81, plus interest, late fees, reasonable attorneys' fees, costs of suit, and post-judgment interest.[2]  Because David W. guaranteed 60% of Builders' debt, WesBanco calculates his liability at $622,677.44,

---

[2] This calculation is as follows: .25 * ($757,644.67 in principal) + $61,247.87 in interest + $42,360.69 in late fees + $64,482.08 in attorneys' fees and costs.

plus interest, late fees, reasonable attorneys' fees, costs of suit, and post-judgment interest.[3] WesBanco argues the guarantor defendants' liability is joint and several.

The guarantor defendants argue that a disputed issue of fact as to the share of indebtedness contemplated by the guarantees prevents summary judgment on the amount of damages. (Filing No. 76 at 6.) They mistakenly conclude that WesBanco seeks 110% of the outstanding debt plus interest and costs – 60% from David W. and 25% each from Byron S. and David A. *Id.* at 7. Thus, the guarantor defendants argue there is a disputed issue of fact as to whether the guarantees were meant to provide restitution damages to WesBanco or punitive damages to the guarantor defendants.

No such dispute exists because the guarantor defendants have relied on a faulty premise. WesBanco does not seek to collect 110% of the outstanding debt. Rather, it asks for joint and several liability of 60% of the debt from David W. and 25% each from Byron S. and David A. These percentages are not meant to be added. They merely describe the percentage of the debt each guarantor can be held liable for individually. In other words, WesBanco does not ask for damages in the amount of $622,677.44 from David W. plus $357,501.81 each from Byron S. and David. A. It concedes that if David W. were to pay his liability in full, it would not have any right to pursue damages for the lesser guarantees made by Byron S. and David A. (Filing No. 79 at 3.)

Having cleared up that misunderstanding, the Court moves to the guarantor defendants' second argument that no damages can be awarded on summary judgment. The guarantor defendants assert that WesBanco is seeking $757,644.67 in principal, $61,247.87 in interest, $64,428.08 in attorney's fees and costs." (Filing No. 76 at 4.) They note that this total amount ($925,681.31) exceeds the June 3, 2019 Builders payoff amount attached to the affidavit sworn by

---

[3] This calculation is as follows: .6 * ($757,644.67 in principal) + $61,247.87 in interest + $42,360.69 in late fees + $64,482.08 in attorneys' fees and costs.

Brian Rose ("Rose"), the Vice President of WesBanco ($924,122.81), by $1,558.50. (Filing No. 74-2 at 9.) It appears the guarantor defendants have made a clerical error, as WesBanco is seeking $64,4*82*.08 in attorneys' fees, not $64,4*28*.08. (Emphasis added.) The true total amount is thus $925,735.30, which exceeds the quote from Rose's affidavit by $1,612.50. "This $1,612.50 amount reflects expert witness fees regarding the value of [the *Jenny Lynne*] in connection with the hearing on the motion to appoint a receiver." (Filing No. 79 at 6.) That fact was explained in the affidavit of WesBanco's attorney, Doug Bates ("Bates"), and thus there is no discrepancy as to the loan payoff quote and the amount WesBanco seeks in damages. (Filing No. 74-8 at 7.)

The guarantor defendants also argue that there is a disputed fact as to the attorneys' fees WesBanco requests, and that "[t]he attorney fee affidavit does not state sufficient facts to prove that the attorney fees are reasonable." (Filing No. 76 at 9.) The Builders loan payoff quote includes line items for "4/30/19 LEGAL BILLINGS" of $17,414.90, "5/2019 UNBILLED LEGAL EXPENSE" of $4,315.00, and "Other Charges Due" of $41,139.69, for a total of $62,869.59. (Filing No. 74-2 at 9.) The guarantor defendants argue "[t]here is nothing in the loan payoff quote to state what these charges are or how they were incurred" and that Rose's affidavit "also does not explain these charges." (Filing No. 76 at 5.)

But record evidence illuminates the source of these charges. Rose's affidavit states that the costs include $1,250.00 for inspection of the *Jenny Lynne* and $1,000.00 for assistance of outside counsel regarding this matter. (Filing No. 74-2 at 6-7.) Bates, WesBanco's attorney, swore in his affidavit that the sum also includes $436.45 for reimbursement of the filing fee and that the remaining legal costs – $60,183.13 – are attorneys' fees. (Filing No. 74-8 at 5.) The affidavit also lists the different attorneys who worked on this case, their hourly rates, and the number of hours

they each expended.   *Id.* The Court finds this evidence sufficient to support WesBanco's calculation of charges as listed on the Builders loan payoff quote.

Finally, the guarantor defendants argue WesBanco has not designated evidence to establish that the requested attorneys' fees are reasonable.   Bates's affidavit includes a list of the tasks performed by each attorney, descriptions of the legal work involved, descriptions of the attorneys' experience and competence, an attestation that the rates charged are reasonable for Indiana attorneys with comparable experience, and a breakdown of the amount of hours spent by each attorney and the rate they charged. The Court is satisfied that this evidence establishes the reasonability of WesBanco's requested attorneys' fees, and the guarantor defendants have designated no evidence indicating otherwise.

Accordingly, the Court **grants** WesBanco's Motion for Partial Summary Judgment as to Cause 3 of the Amended Complaint.  The guarantor defendants are jointly and severally liable for the following damages: David W. Evanczyk—$622,677.44, Byron S. Evanczyk—$357,501.81, and David A. Evanczyk—$357,501.81.  Each guarantor defendant is also jointly and severally liable for interest, late fees, reasonable attorneys' fees, costs of suit, and post-judgment interest in an amount to be determined when final judgment is rendered in this case.

## B.    Breach of Loan Agreement (Builders)

The fifth Cause of Action contained in WesBanco's Amended Complaint alleges the guarantor defendants breached the loan agreement associated with the Builders Note. It seeks damages in the exact same amount as it requests in its mortgage indebtedness claim.  The elements of a breach of contract claim are the existence of a contract, the defendant's breach thereof, and damages. *McVay v. StoreHouse Co.*, 289 F.Supp.3d 892, 896 (S.D. Ind. 2017).  The only element in dispute here is damages. The guarantor defendants do not assert any arguments regarding

damages beyond those the Court addressed in Section III.A. of this Order.  Thus, the Court **grants** WesBanco's Motion for Partial Summary Judgment on its claim for breach of agreement as to the Builders contract.  The damages on this claim are coextensive with those the Court awarded on WesBanco's mortgage indebtedness claim.

## C.      Breach of Loan Agreement (Industries)

The seventh Cause of Action contained in WesBanco's Amended Complaint alleges David W. breached the loan agreement associated with the Industries Note.  Again, the only element in dispute is the amount of damages. WesBanco seeks damages in the amount of $626,910.70—the principal owed by Industries plus interest, late fees, and attorneys' fees and costs. (Filing No. 74 at 14.) The guarantor defendants again protest undefined charges in the calculation of attorneys' fees. (Filing No. 76 at 9.) Of the $39,367.45 in legal fees WesBanco requests on this claim, $371.45 is for reimbursement of the filing fee and civil process fees and public records searches.  (Filing No. 74-8 at 6.)  The remaining $38,996.00 is attorneys' fees.

Bates' affidavit establishes the basis for and reasonability of these fees by including a list of the tasks performed by each attorney, descriptions of the legal work involved, descriptions of the attorneys' experience and competence, an attestation that the rates charged are reasonable for Indiana attorneys with comparable experience, and a breakdown of the amount of hours spent by each attorney and the rate they charged.  *Id.*  The guarantor defendants' unsupported assertion that these fees are undefined and unreasonable does not persuade the Court.  Thus, the Court **grants** WesBanco's Motion for Partial Summary Judgment on its claim for breach of agreement as to the Industries Note. David W. is liable for $626,910.70 plus interest, late fees, reasonable attorneys' fees, costs of suit, and post-judgment interest in an amount to be determined when final judgment is rendered in this case in addition to his liability on claims related to the Builders Note.

## IV.    CONCLUSION

For the reasons explained above, WesBanco's Motion for Partial Summary Judgment, (Filing No. 73), is **GRANTED**.  On Causes of Action 3 and 5, the guarantor defendants are jointly and severally liable for the following damages: David W. Evanczyk—$622,677.44, Byron S. Evanczyk—$357,501.81, and David A. Evanczyk—$357,501.81.  Each guarantor defendant is also jointly and severally liable for interest, late fees, reasonable attorneys' fees, costs of suit, and post-judgment interest in an amount to be determined when final judgment is rendered in this case.

On Cause of Action 7, David W. Evanczyk is liable for $626,910.70 plus interest, late fees, reasonable attorneys' fees, costs of suit, and post-judgment interest in an amount to be determined when final judgment is rendered in this case in addition to his liability on claims related to the Builders Note.

The remaining causes of action are scheduled for bench trial on September 14, 2020.

**SO ORDERED.**

Date:  5/8/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


DISTRIBUTION:

Brian Robert Pollock
STITES & HARBISON, PLLC (Louisville)
bpollock@stites.com

Chelsea R. Stanley
STITES & HARBISON, PLLC (Jeffersonville)
cstanley@stites.com

Douglas B. Bates
STITES & HARBISON, PLLC (Jeffersonville)
dbates@stites.com

Christopher B. Madden
BINGHAM GREENEBAUM DOLL LLP (Louisville)
cmadden@bgdlegal.com

James R. Irving
BINGHAM GREENEBAUM DOLL LLP (Louisville)
jirving@bgdlegal.com

John S. Lueken
GREENBAUM DOLL & MCDONALD
jlueken@bgdlegal.com

Jackie R. Clowers
APPLEGATE FIFER PULLIAM
jclowers@afpfirm.com

Charles Gregory Fifer
APPLEGATE FIFER PULLIAM LLC
gfifer@afpfirm.com

Edward Michael King
FROST BROWN TODD LLC
tking@fbtlaw.com